IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA A. SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1148 |
| | ) | |
| RETAIL VENTURES, INC., trading and | ) | Chief Judge Ambrose |
| doing business as DSW SHOE | ) | Magistrate Judge Hay |
| WAREHOUSE, INC., trading and doing | ) | |
| business as VALUE CITY DEPARTMENT | ) | |
| STORES, INC., SCHOTTENSTEIN | ) | |
| STORES CORPORATION, and | ) | |
| SENSORMATIC ELECTRONICS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

Cynthia A. Scruggs ("Scruggs or "the Plaintiff"), seeks damages for injuries caused when, during the course of trying on athletic shoes, her heel was punctured by the needle in a security tag attached to the inside of the shoe.  Defendant Sensormatic Electronics Corporation ("Sensormatic"), a manufacturer of security tags, filed the pending Motion for Summary Judgment (Doc. 38) pursuant to Fed. R. Civ. P. 56, alleging that the record is devoid of evidence showing that it manufactured the tag which caused the injury.   Because neither the Plaintiff nor the remaining Defendants have succeeded in identifying an issue of material fact relevant to Sensormatic's fabrication of the tag, the court respectfully recommends that the Motion for Summary Judgment be granted.

II.  REPORT

1.  BACKGROUND

The historical facts of this case are straightforward and uncontested.  In November 2004, Scruggs was shopping at a business operated by Defendant Retail Ventures, and /or DSW, and/or Value City Department Stores Corp. (or "Value City"), and/or Schottenstein Stores Corp. located in the Northway Mall in Pittsburgh, Pennsylvania.  (Doc. 28-2 at 6).  While she was trying on shoes that she was interested in purchasing for her daughter, Scruggs's right heel was pierced with an inch and a half long needle protruding from a security tag inside the shoe.  Scrugg's husband took a color cell phone photograph of the security tag shortly after the incident.  Scrugg's injury required surgical intervention and extensive additional medical treatment.  Id. at 7.

The Plaintiff filed suit against Retail Ventures, Inc., DSW, and Value City on August 15, 2006.  On November 6, 2006, the Complaint was amended (Doc. 10) to add Schottenstein Stores Corporation and Sensormatic as Defendants.  Sensormatic contends that when Scruggs named Sensormatic as a Defendant in this matter, she lacked evidence connecting Sensormatic to the tag that injured her.  It also contends that the uncontroverted evidence adduced before and after the Complaint was filed shows that Sensormatic did not manufacture the tag, did not cause the Plaintiff's injury, and is, therefore, entitled to summary judgment.

The only extant evidence regarding the tag that caused the injury is the photograph taken by the Plaintiff's husband.  The tag itself was retained by Value City, but was discarded or misplaced.

## 2. STANDARD OF REVIEW

Summary judgment is appropriate only where the depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The mere existence of some evidence favoring the non-moving party will not defeat the motion. There must be enough evidence with respect to a particular issue to enable a reasonable jury to find in favor of the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). In analyzing the record, the court must view the facts in the light most favorable to the Plaintiff and draw all reasonable inferences in his favor. McCarthy v. Recordex Serv.,Inc., 80 F.3d 842, 847 (3d Cir. 1996).

## 3. THE SUBSTANCE OF SENSORMATIC'S MOTION

Sensormatic contends that it is entitled to Summary Judgment because the facts show that it did not manufacture the security tag that injured Scruggs; the Plaintiff's inability to establish causation dooms her case against Sensormatic under any theory of liability.

In support of Sensormatic's Motion, its personnel have examined the photographic evidence of the tag that punctured Scruggs's foot, and have prepared affidavits stating that the tag shown in the photograph was not manufactured by Sensormatic. Robert L. Michael ("Michael"), Sensormatic's Senior Product Development Manager for hard tags and derivative products, stated in his Affidavit (Doc. 28-2) that he is responsible for the design and functionality of the entire line of Sensormatic ink tags and other theft-deterrents. His other responsibilities include "identify[ing] and evaluat[ing] competing products in the ink tag industry," and assisting with patent prosecution or in pursuing patent infringement claims. Id. at 31. According to

Michael, Sensormatic, in order to distinguish its ink tags from similar or "knock off" products, incorporated unique design features in its tags, manufacturing them with clear glass tubes that contained contrasting inks that were either blue and yellow, or, alternatively, black and red. Id. at 32. The color photograph supplied by the Plaintiff "depicts an ink tag [that] contains two tubes of ink of the same color - either blue or black." Id. Michael stated he had personally examined the photograph, and that Sensormatic did not manufacture tags of this style. Attached as Exhibits to Michael's Affidavit are photographs of Sensormatic tags purporting to show that the contrasting ink colors incorporated in each were readily distinguishable from the colors used in the tag photographed by Scruggs's husband. Id. at 34-43.

In support of its Motion for Summary Judgment, Sensormatic also submitted the Affidavit of Robert McNamara ("McNamara"), ADT/ Sensormatic's Senior Manager of Credit Operations. (Doc 28-2 at 44). McNamara stated that he was "generally responsible for maintaining all records regarding sales and service to Sensormatic customers," and had "first-hand knowledge of the contents of such records, including but not limited to customer accounts, product information, terms of sale, and shipping locations." Id. at 45. According to McNamara, he reviewed Sensormatic's records to determine whether it had ever sold and/or distributed its products to Retail Ventures, and/or DSW, and/or Value City Department Stores, and/or Schottenstein Stores located at the Northway Mall in Pittsburgh. Based on this research, McNamara was able to "say with confidence that at no time has Sensormatic sold, shipped, or otherwise distributed Sensormatic products to the above-mentioned businesses . . . ." Id.

Based on these Affidavits and the remainder of the evidence in the record, Sensormatic contends that the Plaintiff and the other Defendants are unable to point to any evidence that

4

Sensormatic tags were acquired by Value City by any means, documented or not, and have also failed to adduce evidence to show that the tag that injured the Plaintiff was manufactured by Sensormatic.

## 4. ANALYSIS

Both the Plaintiff and the remaining Defendants argue that Sensormatic is not entitled to Summary Judgment. The Plaintiff bases her argument on two grounds. First, she says, the warning label on the tag that injured Scruggs "appears to be identical both in color and writing to the warning on the Sensormatic trademarked brand 'Ink Tag' and/or 'Ink Mate.'" (Doc 33 at 3). "As such, if the Ink Mate or Ink Tag utilized by Value City [w]as a 'knock off' as alleged in Defendant's Motion for Summary Judgment, that is an issue of fact which should be determined by a jury." Id. Next, the Plaintiff contends that summary judgment should be denied because Value City did not retain the injury-causing tag. The Plaintiff alleges that she has suffered prejudice in that it is now more difficult to identify the manufacturer of the tag: "This Court should deny [Sensormatic's] Motion for Summary Judgment and either impose a sanction of "spoliation inference" or enter a judgement in favor of the Plaintiff." (Doc. 33 at 4).

The court is not persuaded by either of these arguments. Whether the printed warnings appear to be similar or not, Scruggs has failed to address the Michael affidavit establishing that the inks contained in the photograph of the tag that injured her are different from the inks used in any tag manufactured by Sensormatic, and that a distinctive combination of inks is employed by Sensormatic in order to distinguish its tags from "knockoffs." (Doc. 28-2 at 31). Given that the inks in the photograph do not match the Sensormatic inks - and the Plaintiff points to nothing to controvert this - whether the tag photographed was a Sensormatic imitation is irrelevant. What

is relevant is that Michael identified the tag as one not manufactured by Sensormatic and the Plaintiff has not produced evidence to the contrary. This is true despite the fact that "Plaintiff conducted an exhaustive search to try to determine, simply based on the photographs taken by the Plaintiff's husband and the information provided by Value City," who had manufactured the tag. (Doc. 32 at 2).

The argument that Sensormatic's Motion for Summary Judgment should be denied based on Value City Department Stores' inability to produce the tag that injured the Plaintiff also lacks merit. The Plaintiff has not cited a single case standing for the proposition that denial of one party's Motion for Summary Judgement is an appropriate sanction for the alleged misconduct of a different party - especially when there is no hint of collusion or improper conduct on the part of Sensormatic.

The other Defendants oppose Sensormatic's Motion for Summary Judgment on a different ground. They argue that Sensormatic's Motion is premature, given that they have "not had an opportunity to depose either Mr. Michael or Mr. MacNamara." (Doc. 34). It would be more accurate to say that the Defendants have not *availed themselves of the opportunity* to depose Mssrs. Michael and McNamara. The record does not show that any of these Defendants sought to depose either affiant or made a timely effort to secure other information that they now contend is essential.[1]

---

[1] Value City highlights two purchase orders showing that it bought Sensormatic tags in 2005. According to Value City, these tags would have been sent to its Columbus, Ohio distribution center and "[u]pon information and belief . . . some of these tags may have been delivered to the subject store at the Northway Mall." (Doc. 34 at 3). According to Value City, because investigation and discovery as to this issue is not complete, it has not had an opportunity to determine conclusively whether some of these tags ended up in Pittsburgh. It is difficult to see what possible relevance tags ordered in 2005 might have to an injury that occurred in 2004. Furthermore, the records at issue are presumably kept by Value City itself, making it unclear why it could not have completed its investigation by now.

It is established that the court must give the parties opposing summary judgment an adequate opportunity to obtain discovery. Dowling, v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir 1988). The court has discretion to "defer ruling on a summary judgment motion *when a party opposing summary judgment files an affidavit indicating that it needs more discovery*." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989) (emphasis added). Rule 56(f) of the Federal Rules of Civil Procedure provides:

> <u>When affidavits are unavailable</u>. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Compliance with this Rule is not optional:

> [R]ule 56(f) clearly requires that an affidavit be filed. The purpose of the affidavit is to ensure that the nonmoving party is invoking the protection of [the rule] in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition. An unsworn memorandum opposing a party's motion for summary judgment is not an affidavit.

Pastore v. Bell Telephone Co. of Pennsylvania, 24 F.3d 508, 510-11 (3d Cir. 1994) (internal citations omitted). Where, as here, a party fails to file a Rule 56(f) affidavit, the court does not abuse its discretion by declining to reopen discovery. LeBoon v. Lancaster Jewish Community Center Ass'n, 503 F.3d 217, 234 (3d Cir 2007). The Defendants' complaint that they have had inadequate opportunity for discovery is, at this juncture, patently insufficient to preclude the grant of summary judgment.

III.  CONCLUSION

Because the Court has failed to find merit in any of the arguments asserted in opposition to Sensormatic's Motion for Summary Judgment (Doc. 38), the court recommends that the Motion be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.   Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

*/s/  Amy Reynolds Hay*
United States Magistrate Judge

Dated:   9  January, 2008


cc:     Hon. Donetta W. Ambrose
        Chief United States District Judge

        All counsel of record by Notice of Electronic Filing