IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA A. SCRUGGS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-1148 |
| ) | |
| v. ) | Chief Judge Ambrose |
| ) | Magistrate Judge Hay |
| RETAIL VENTURES, INC., trading and ) | |
| doing business as DSW SHOE ) | |
| WAREHOUSE, INC., trading and doing ) | |
| business as VALUE CITY DEPARTMENT ) | |
| STORES CORPORATION, and ) | |
| SENSORMATIC ELECTRONICS ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

  Cynthia A. Scruggs ("Scruggs" or "the Plaintiff") seeks damages for serious injuries sustained when, during the course of trying on athletic shoes at a Value City Department Store at the Northway Mall in Pittsburgh, her heel was punctured by the needle in a security tag inside the shoe. Defendants Retail Ventures, Inc., t/d/b/a DSW Shoe Warehouse, Inc., t/d/b/a Value City Stores, Inc. ("Value City"), and Schottenstein Stores Corporation (collectively, "the Defendants") filed the pending Motion for Summary Judgment (Doc. 41).[1] They contend that the undisputed facts preclude liability under any of the theories advanced by Scruggs in her Third Amended Complaint: negligence, strict liability, and breach of warranty. Because the Court agrees that the Plaintiff has failed to adduce evidence sufficient to sustain these claims, it respectfully recommends that the Defendants' Motion for Summary Judgment be granted.

---

[1] Summary Judgment was granted in favor of Defendant Sensormatic Electronics Corp., in an Order dated February 4, 2008 See Doc. 46.

REPORT

**Background**

A brief review of the historical facts provides context for the recommended disposition of the Defendants' Motion. In November 2004, Scruggs was shoe shopping at one of the Defendants' stores. (Doc. 29 at ¶ 11). The footwear was displayed on racks from which customers could select and try on shoes without the assistance of a clerk. When Scruggs placed her foot in a high top basketball shoe, her right heel was pierced by an inch and a half long needle protruding from a security tag inside but unattached to the shoe. (Doc. 43 at ¶¶ 23, 24). The needle broke off in her foot, requiring multiple surgeries and extensive medical treatment. Id. at ¶¶ 12-14. Security tags intended to deter theft were attached by Value City employees to shoes sold at the store. (Doc. 48 at 5). The actual tag involved in Scruggs's injury was retained by Value City, but was lost, misplaced, or discarded prior to this litigation.

**Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The mere existence of some evidence favoring the non-moving party will not defeat the motion. Rather, there must be enough evidence with respect to a particular issue to enable a reasonable jury to find in favor of the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The court must view the facts of record in the light most favorable to the non-moving party and draw all reasonable inferences in her favor. McCarthy v. Recordex Serv., Inc., 80 F.3d 842, 847 (3d Cir. 1996).

**The State of the Record**

Prior to discussing the substance of the Defendants' Motion for Summary Judgment, the court finds it important to comment on the record. Although the period for discovery was enlarged at the request of the Defendants (Doc. 39), only one deposition, the Plaintiff's, was taken by the Defendants; none were taken by the Plaintiff.[2] Discovery conducted by the Plaintiff appears to have included a set of Interrogatories, Requests for Production of Documents, and a Request for Admissions. The Plaintiff does not refer to the Defendants' responses to discovery in opposing the Motion for Summary Judgment. In fact, the Plaintiff's Response to the Motion does not contain a single record reference; it is limited to assertions of fact and conclusions of law. Nor did Plaintiff file a Responsive Concise Statement as required by Local Rule (LR) 56.1.C.[3] Accordingly, the

---

[2] In the last section of her Response to the Defendants' Motion (Doc. 48 at 6), Scruggs, for the first time, requests additional time to depose the Defendants' employees. An Order issued by this Court on November 15, 2007 (Doc. 40) established that discovery was to be completed by December 9, 2007. In a lengthy footnote to her Response, Scruggs outlines attempts to schedule depositions, contending that the Defendants failed to make their employees available until after the close of discovery. (Doc. 48 at 6). The Plaintiff did not bring this difficulty to the attention of the Court, or file a motion to extend the end of discovery. Only now does the Plaintiff contend that "[i]n order to properly oppose this Motion . . . it is necessary to take the depositions . . . ." Id.

    The Court is mindful that it must give parties opposing summary judgment adequate opportunity for discovery, Dowling, v. Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988), and that under Fed. R. Civ. P. 56(f), it may exercise discretion to "defer ruling on a . . . motion *when a party opposing summary judgment files an affidavit indicating that it needs more discovery*." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989) (emphasis added). Filing an affidavit is not optional:

> [R]ule 56(f) clearly requires that an affidavit be filed. The
> purpose of the affidavit is to ensure that the nonmoving
> party is invoking the protection of [the rule] in good faith
> and to afford the trial court the showing necessary to assess
> the merit of a party's opposition.

Pastore v. Bell Tele. Co. of Pa, 24 F.3d 508, 510-11 (3d Cir. 1994) (internal citations omitted). Where, as here, Scruggs has neglected to file a Rule 56(f) affidavit, the Court does not abuse its discretion by declining to reopen discovery. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 234 (3d Cir. 2007).

[3] LR 56.1.C provides in pertinent part as follows:

Court may deem the Defendants' statements of material facts undisputed. LR 56.1.E. See, e.g., Bronson v. White, 2007 WL 3033865, at *1 n.1 (M.D.Pa. Oct. 15, 2007)("Although Plaintiff has denied certain paragraphs of the Defendants' Statement of Material Undisputed Facts, he has not pointed to record evidence to support such denials. Therefore, pursuant to Local Rule 56.1, those material facts are deemed to be admitted."); Ferace v. Hawley, 2007 WL 2823477, *1 (W.D.Pa. Sept. 26, 2007)("Defendants set forth a concise statement of material facts. [DE 60]. Plaintiff, however, failed to respond to these statements in accordance with LR 56.1(C) (1), and consequently, the facts set forth in the concise statement of material facts submitted by Defendants are deemed to be admitted by Plaintiff for the purpose of the instant motion, in accordance with LR 56.1(E)."). On this basis alone, given that the Defendants' statements of material facts are deemed admitted for purposes of the motion for summary judgment, the Court could grant the summary judgment motion since Defendants have met their initial summary judgment burden to show no genuine issue of material fact.

---

**C. Opposition Requirements.** Within 30 days of service of the motion for summary judgment, the opposing party shall file:

**1. A Responsive Concise Statement:** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:

>(a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
>(b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record ... ; and
>(c) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment . . .

Nevertheless, even when Defendants' motion for summary judgment is examined on the merits, the Defendants are entitled to summary judgment because Plaintiff has failed to adduce evidence sufficient to sustain her claims.

**The Substance of Defendants' Motion**

    A.    <u>The Negligence Claim</u>

In her third Amended Complaint (Doc. 30), the Plaintiff alleges that the Defendants were negligent in that they failed to: (1) design, manufacture, sell, maintain and repair the shoe and security tag so as to render them safe for their intended and foreseeable purpose without defects; (2) properly attach and/or remove the security tag; (3) properly inspect the security tag and the shoe; (4) establish proper procedures and written instructions on attachment and/or removal of the security tag, or for inspection of the tag and the shoe; and (5) remove a partial security tag with an exposed pin from the shoe. Id. at 5.[4]

In a negligence action governed by Pennsylvania law, the plaintiff bears the burden of establishing that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty; (3) the breach was the proximate cause of the plaintiff's injury; and 4) the plaintiff suffered actual harm. <u>Howley v. Del. & Hudson Ry Co., Inc.</u>, 514 F. Supp.2d 650, 655 (M.D. Pa. 2007); <u>R.W. v. Manzek</u>, 888 A.2d 740, 746 (Pa. 2005). The determination of whether a duty exists is a question of law. Id.

The parameters of the duty that the Defendants owed to Scruggs, who was a business invitee, are clearly established. Under Pennsylvania law, a possessor of land "is not the insurer of

---

[4] It is undisputed that none of these Defendants participated in the design or manufacture of the shoe or the security tag.

the safety of those on the premises, and the mere existence of a harmful condition or the mere happening of an accident is not evidence of a breach of duty of care to invitees." Gales v. U.S., 617 F. Supp. 42, 43 (W.D. Pa. 1985) (citing Moultrey v. Great Atl. & Pac. Tea Co., 422 A.2d 593 (Pa. Super. 1980)). The Restatement (Second) of Torts § 343 describes the duty of care owed to a business invitee in terms of three essential elements:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

"The threshold of establishing a breach of duty is notice. To establish notice, an 'invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or . . . had actual or constructive notice of such condition.'" Kujawski v. Wal-Mart Stores, Inc., No. 06-4120, 2007 WL 2791838, at * 3 (E.D. Pa. Sept. 25, 2007) (quoting Estate of Swift v. Ne. Hosp. of Philadelphia, 690 A.2d 719, 722 (Pa. Super. 1997)).

The Defendants argue that the record does not show that they had a role in creating the harmful condition, or that they had "knowledge or constructive notice of the presence of the security tag in the shoe until [it] was brought to their attention by the Plaintiff. Plaintiff has failed to point to any evidence in the record demonstrating the cause of the alleged dangerous condition or how long it was present before she tried on the shoe." (Doc. 42 at 7-8). The Defendants contend

that in the absence of this evidence, Scruggs has failed to establish that she was owed a duty of care.[5] The Court agrees.

Although the record shows that the Defendants purchased security tags and that Value City attached these tags to the shoes it offered for sale, this evidence is not sufficient to show that the Defendants attached the tags in a faulty manner or were otherwise responsible for the condition of the tag. It is undisputed that the Defendants lacked actual knowledge of the defective tag, and the record does not show that constructive knowledge is attributable to any of them. Scruggs argues that if the Defendants had instructed their employees in proper tag attachment, or had conducted regular inspection of the tags, the danger would have been discovered before it could cause injury.

These arguments lack merit. The record is devoid of evidence that detachment of the tag was attributable to the Defendants, whether there was regular inspection of the tags, or whether inspection would have averted the injury. More fundamentally, the record does not show how long the defective tag had been in the shoe prior to the time of the accident. "State and federal courts

---

[5] Scruggs contends that the facts in this case turn on the Defendants' role as suppliers of chattel, and that the applicable duty of care is set out in instead in the Restatement (Second) of Torts § 392, which provides:

> One who supplies to another, directly or through a third person, a chattel to be used for the supplier's business purposes is subject to liability to those for whose use the chattel is supplied, or to those whom he should expect to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by persons for whose use the chattel is supplied:
>     (a) if the supplier has failed to exercise reasonable care to make the chattel safe for the use for which it is supplied, or
>     (b) if the supplier's failure to give to those whom he should expect to use the chattel the information required by the rule stated in § 388 is due to his failure to exercise reasonable care to discover its dangerous character or condition.

Scruggs, however, fails to cite - - and the court has not located - - any case in which Section 392 has been applied where a consumer was injured by a product offered for sale (or attached to a product offered for sale) in a store where she was shopping.

applying Pennsylvania law in this area have consistently required a plaintiff to provide some proof as to the length of time that a [defect] existed . . . to establish constructive notice." Kujawski, 2007 WL 2791838, at *4. Constructive notice requires proof that the condition had been present long enough that, in the exercise of reasonable care, the defendant should have known of its presence. Martino v. Great Atl. & Pac. Tea Co., 213 A.2d 608 (Pa.1965). Here, the record is silent as to how long the dangerous condition had existed. It could have been months; it could have been minutes.

The deficiencies in the record prevent Scruggs from demonstrating that the Defendants owed her a duty of care. Even had she been successful in establishing a duty, she could not, on this record, demonstrate that any action of the Defendants was the proximate cause of her injury. According to Scruggs's deposition testimony, the shoes that she tried on were displayed unboxed on racks. (Pl. Dep. at 24, 42) The arrangement was such that shoppers were expected to select the shoes and try them on without the assistance of a clerk. Id. at 42. There was no store clerk present when Scruggs was injured; her husband had to "go find somebody." Id. at 28. The record also fails to indicate whether the shoe department was monitored on a regular basis, or how often store personnel passed near or through the area. There is also nothing in the record to show how often shoes were stolen or tampered with, although the Defendants clearly thought that the volume of theft-related loss justified the cost of buying and attaching security tags to their shoes. Even when the record is viewed in the light most favorable to the Plaintiff, it is at least as likely that the condition of the security tag was caused by another customer, rather than the negligence of the Defendants.

Scruggs attempts to overcome the lack of record evidence bearing on negligence by invoking the doctrine of *res ipsa loquitur*. This doctrine is a rule of evidence, not a rule of procedure or substantive tort law. It may aid a plaintiff "in making a prima facie case of

negligence by allowing an inference to be deduced <u>from competent evidence</u> that, in the ordinary course of events, the injury sustained would not have occurred in the absence of negligence." <u>Gilbert v. Korvette's Inc</u>., 327 A.2d 94, 100 (Pa. 1974) (emphasis added). In <u>Gilbert,</u> the Supreme Court of Pennsylvania adopted Section 328D of the Restatement (Second) of Torts, titled "Res Ipsa Loquitur," which provides in pertinent part:

> (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
> > (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
> > (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
> > (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Each prong of the three part test must be satisfied. See <u>Micciche v. E. Elev. Co.</u>, 645 A.2d 278, 281 (Pa. Super. 1994) (holding that *res ipsa loquitur* does not apply where plaintiff failed to establish every element of the doctrine). The court need not address each of the three required elements because it is clear that Scruggs has not satisfied the second. She has not excluded a third party as the cause of her injury. Although she need not exclude all other possible causes of the event, she must produce evidence from which a finder of fact might reasonably conclude that the Defendants were, more probably than not, negligent. See <u>Micciche</u>, 645 A.2d at 281; <u>Lonsdale v. Joseph Horne Co.</u>, 587 A.2d 810, 815-16 (Pa. Super. 1991) ( finding doctrine of *res ipsa loquitur* inapplicable where plaintiff did not eliminate third person as possible cause of accident). "It is enough that the facts proved reasonably permit the conclusion that negligence is the more probable explanation." Restatement (Second) of Torts § 328D, cmt. f. As the Court's discussion of proximate cause in the context of negligence makes clear, Scruggs cannot establish that probability. The *res ipsa loquitur* doctrine is, therefore, unavailable.

9

With respect to Scruggs's negligence claim, the Defendants have carried their burden at this stage of the litigation by "pointing out to the . . . court that there is an absence of evidence to support [Scruggs's] case." Celotex, 477 U.S. at 325. In order to survive summary judgment, Scruggs is obligated to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotations and citations omitted). She has not met this obligation.

B.   The Claim Based on Strict Liability

The Supreme Court of Pennsylvania has adopted § 402A of the Restatement (Second) of Torts which establishes the parameters of strict liability in tort. Webb v. Zern, 220 A.2d 853 (Pa.1966).[6] In order to prevail on a strict liability claim, the Plaintiff must show that: (1) the product was defective; (2) the defect existed when the product left the hands of the defendant; and (3) that the defect caused the harm alleged. Ellis v. Chicago Bridge & Iron Co., 545 A.2d 906, 909

---

[6] This Section provides:
   (1)   One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
      (a)   the seller is engaged in the business of selling such a product, and
      (b)   it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
   (2)   The Rule stated in Subsection (1) applies although
      (a)   the seller has exercised all possible care in the preparation and sale of his product, and
      (b)   the user or consumer has not bought the product from or entered into any contractual relationship with the seller.

Restatement (Second) of Torts § 402A (1965).

(Pa. Super. 1988).[7] This showing can be made by proof of a defect in the manufacture of the product or its component parts, or by proof that the product was defectively designed, making it unreasonably dangerous for its intended purpose. See Riley v. Warren Mfg., Inc., 688 A.2d 221, 224 (Pa. Super.1997). The Plaintiff may also allege and show that the product was marketed in a defective manner, i.e., that the Defendants knew or should have known of the risk of harm associated with a product, but marketed it without adequate warning or instruction. Oser v. Wal-Mart Stores, Inc., 951 F. Supp. 115, 118 n.4 (S.D. Tex. 1996).[8]

---

[7] This is true in actions for breach of warranty claims as well. Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 95 (3d Cir.1983). Both strict liability and breach of warranty claims require proof of a defect. See McKenna v. E.I. Du Pont DeNemours and Co., Civ. No. 87-2233, 1988 WL 71271, at *2 (E.D. Pa. June 30, 1988). The Court's discussion of the lack of evidence in the context of Scrugg's strict liability claim applies with equal force to her claim for breach of warranty.

[8] The parties, in discussing the strict liability claim, do not focus their arguments on the elements of the action. They debate instead whether the Defendants were "sellers" of the security tag within the meaning of Section 402A. The Defendants argue that because they were not in the business of selling security tags, they cannot be subjected to strict liability. The gist of the Plaintiff's three sentence response is that the Defendants should be liable as product assemblers because they attached a security tag to a shoe that they intended to sell. ( Doc. 47 at 5).

Courts addressing the reach of Section 402A have not limited its application to sellers. See, e.g., Oser, 951 F. Supp. at 199 n.6 (Courts "have not demanded literal adherence to section 402A's requirement that the defendant 'sell' the product;" the determinative issue is whether defendants released the product to consuming public). Pennsylvania courts have also evinced a willingness to read the term "seller" broadly. In Francioni v. Gibsonia Truck Corp., 372 A.2d 736 (Pa. 1977), the Supreme Court of Pennsylvania declined to restrict the application of Section 402A to sellers:

> While Section 402A speaks only in terms of "sellers", the [comments'] policy statement and accompanying citations demonstrate the propriety of extending its application to anyone "who enters into the business of supplying human beings with products which may endanger the safety of their persons and property, . . ." What is crucial to the rule of strict liability is not the means of marketing, but rather the fact of marketing, whether by sale, lease or bailment, for use and consumption by the public. Where the fundamental principles are applicable, the imposition of artificial distinctions will only frustrate the intended purpose.

Id. at 738-39 (internal citations omitted).

The more fundamental issue raised by Scruggs's strict liability claim is one to which the parties have devoted scant attention - - whether there was a defect in the tag and, if so, whether the defect caused Scruggs's injury. In order to survive the Motion for Summary Judgment on this claim, Scruggs was obligated to point to evidence that would enable a reasonable jury to find in her favor with respect to each element of a strict liability claim. In the single paragraph of her Response to the Defendants' Motion for Summary Judgment on this claim, Scruggs ignores the issue of defect. In fact, the record as a whole is devoid of information, other than the fact of injury, that could conceivably permit a jury to conclude that the security tag was defective in its manufacture or design. It follows, therefore, that Scruggs has also failed to forge a causal link between her injury and a product defect. The Plaintiff's failure to offer competent evidence to establish the essential elements of strict liability or breach of warranty is fatal to those claims. See Hodge v. Caterpillar, Inc., Civ. No. 97-0717, 1992 WL 98415, at * 3 ("In the absence of evidentiary material in his favor, plaintiff should not be entitled to put his opponent on trial on the merits by making bare allegations of notice pleading.").

  C. <u>The Impact of the Allegations of Spoliation</u>

Relying on allegations unsupported by analysis, the Plaintiff contends that the Defendants' Motion for Summary Judgment should be denied based on Value City's failure to retain the tag that injured her. The Court agrees that Value City was obligated to preserve the tag. <u>Baliotis v. McNeil</u>, 870 F. Supp. 1285, 1289 (M.D. Pa. 1984). <u>See</u> <u>also</u> <u>Mosaid Tech, Inc. v. Samsung Elec.</u>

---

  The court will assume, <u>arguendo</u>, that Section 402A is applicable to these Defendants. Although they were not tag retailers, the Defendants bought and attached tags to shoes which were then marketed and offered for sale at Value City. Customers had no choice but to encounter these tags if they wished to buy shoes from the Defendants, and thus could have suffered injury had the tags been defective.

12

Co., 348 F. Supp.2d 332, 335 (D.N.J. 2004) (quoting Scott v. IBM Corp., 196 F.R.D. 233, 249 (D.N.J. 2000) ("While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation")); Winters v. Textron, Inc., 187 F.R.D. 518, 520 (M.D. Pa. 1999) ( knowledge of even a potential claim is sufficient to impose a duty to preserve evidence). The likelihood that a lawsuit would be filed and the importance of the tag should have been clear to the Defendants immediately after Scruggs's injury. Their attempt to shift the blame for the loss to Scruggs because she did not request that the Defendants keep the item safe is disingenuous.

That said, the Plaintiff has failed to establish that denial of the Defendants' Motion for Summary Judgment or any other spoliation-related sanction is appropriate. Where a party destroys or alters relevant evidence, district courts have the discretion to determine and impose sanctions. Walters ex rel. Walters v. Gen. Motors Corp., 209 F. Supp. 2d 481, 490 (W.D. Pa. 2002). The Court of Appeals for the Third Circuit has instructed that in determining whether sanctions are appropriate, the court should consider: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a sanction that will avoid substantial unfairness to the opposing party and deter future conduct. Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994). See also Schroeder v. PennDOT, 710 A.2d 23, 27 ( Pa. 1998) ( adopting factors set forth in Schmid).

In her Response to the Defendants' Motion, the Plaintiff devotes two paragraphs to the issue of spoliation. She lists - - but fails to discuss - - the Schmid factors. Given the state of the record, the Court cannot say much about them, either. The Court is unable to reach a conclusion

13

regarding the first factor; it is as likely that the Defendants inadvertently misplaced the tag as it is that they deliberately concealed or destroyed it.

There is also very little in the record to suggest that the Plaintiff was prejudiced by not having the tag. Scruggs does not describe how she was prejudiced, and does not appear to have been precluded from proving her case. In fact, it appears that she did not try particularly hard to do so. Significantly, Scruggs does not dispute the Defendants' contention that she never requested the tag for purposes of inspection or other expert evaluation, and fails to show why she was unable to locate a similar tag for inspection and analysis. She also fails to explain why she was unable to narrow the list of potential tag manufacturers, or secure the opinion of an expert witness based on the photograph that her husband took of the tag and the portion of the needle removed from her foot.

In light of the Court's inability to assess fault or find serious prejudice, it need not reach the third Schmid factor - - which sanction might be appropriate. The court can say with confidence that the sanction that Scruggs seeks - - dismissal of the Defendants' Motion for Summary Judgment - - is not warranted. Because Scruggs has not pointed to any evidence in the record to establish the elements of her claims, she cannot reasonably expect to survive summary judgment by relying on the Defendants' loss of evidence alone in order to make her case.

For the reasons set forth above, it is recommended that the Defendants' Motion for Summary Judgment (Doc. 41) be granted. In reaching this conclusion, the Court acknowledges its sympathy for the Plaintiff, who has undoubtedly undergone significant trauma. That sympathy, however, does not permit the Court to ignore the multiple shortcomings in the proof necessary to support Scruggs's claims.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    */s/ Amy Reynolds Hay*
    United States Magistrate Judge

Dated:    2 June, 2008

cc:      Hon. Donetta W. Ambrose
        Chief United States District Judge

        All counsel of record by Notice of Electronic Filing