IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA A. SCRUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1148 |
| ) | |
| RETAIL VENTURES, INC., trading and ) | Chief Judge Ambrose |
| doing business as DSW SHOE ) | Magistrate Judge Hay |
| WAREHOUSE, INC., trading and doing ) | |
| business as VALUE CITY DEPARTMENT ) | |
| STORES, INC., SCHOTTENSTEIN ) | |
| STORES CORPORATION, and ) | |
| SENSORMATIC ELECTRONICS ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On November 9, 2006, this case was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On June 2, 2008, the Magistrate Judge issued a Report and Recommendation (Doc. 49) regarding the Motion for Summary Judgment (Doc. 41) filed by Defendants Schottenstein Stores Corp. ("Schottenstein") and Retail Ventures, Inc. ("Retail Ventures"). The Magistrate Judge recommended that the District Court grant this Motion. Service of the Report and Recommendation was made on the parties. Objections (Doc. 50) were filed on June 14, 2008, along with an Affidavit in Opposition to the Report and Recommendation (Doc. 51). The Defendants filed a Reply to the Plaintiff's Objections (Doc. 52) on June 20, 2008.

The Court has undertaken a de novo review of the pleadings and documents, together with the Report and Recommendation, and agrees with the Magistrate Judge that summary judgment in

favor of the Defendants is appropriate.

The Plaintiff's primary objection to the Report and Recommendation rests on the Magistrate Judge's failure to recommend that the Plaintiff be granted an extension of the time for discovery. On July 15, 2007, the Magistrate Judge entered a Case Management Order directing that discovery be completed by October 10, 2007. Upon the Motion of Defendants Schottenstein and Retail Ventures (Doc. 39), the discovery deadline was extended until December 9, 2007. See Order dated November 15, 2007 (Doc. 40). This deadline came and went without the Plaintiff once bringing to the Court's attention that additional time was required, or that the Defendants had refused or were unable to comply with timely requests for discovery.

The requirement that a party seeking an extension of discovery alert the Court to this fact was highlighted in the Magistrate Judge's January 9, 2008 Report and Recommendation ( Doc. 45), rejecting the argument raised by Schottenstein and Retail Ventures that the Motion for Summary Judgment filed by Defendant Sensormatic, Inc. (Doc. 28) should be denied because Schottenstein and Retail Ventures needed additional time for discovery. Magistrate Judge Hay explained that when a party opposing a motion for summary judgment needs additional time to complete discovery, the party is *obligated to file an affidavit* stating that additional discovery is necessary, and explaining what it expects such discovery to reveal. See Doc. 28 at 7; Fed. R. Civ. P. 56(f). The Plaintiff ignored this admonition.

The Court of Appeals for the Third Circuit has made clear that, "in all but the most exceptional cases, failure to comply with the Rule 56(f) is fatal to a claim of insufficient discovery . . . ." See Bradley v. United States, 299 F.3d 197, 207 (3d Cir. 2002); Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir.1989). An affidavit bears indicia of evidentiary reliability lacking in arguments made by counsel in the course of advocacy. Bradley, at 1394-95. In addition to filing the required

affidavit, a party seeking additional time for discovery "must identify with specificity 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" Lunderstadt v. Colafella, 885 F.2d 66, 71 (3d Cir.1989) (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir.1988)).

Scruggs did not submit a Rule 56(f) affidavit until she raised Objections to the most recent Report and Recommendation. Moreover, she admits that her failure to take the depositions which she now contends were essential, was, in part, attributable to her own inaction. The Court of Appeals has held that relief under Rule 56(f), even assuming that a party has complied with the requirements of that rule, is generally unavailable if the need for additional information is attributable to the party's own lack of diligence during the discovery period. See Lunderstadt, 885 F.2d at 71-72.

Scruggs has demonstrated a lack of diligence throughout the discovery period. By September 27, Scruggs had identified four Value City employees believed to have critical information about her case. When she learned, on October 4, 2007, that only one of these employees had been located, she did not attempt to depose this employee. When Value City notified her, on October 12, 2007 that further efforts to find the three former employees had been futile, Scruggs waited two weeks before requesting their last known addresses. It is not clear when she received these addresses, but she waited until December 4, 2007 - five days before the close of discovery - to schedule depositions for these employees. The depositions were scheduled, she said, to take place within thirty days after December 4, 2007 - well after the close of discovery. Scruggs did not file a Motion for Extension of Time with the Court. Instead, *at the request of counsel for Sensormatic*, she agreed to postpone scheduling the Value City employees' depositions until after the Court's decision on Sensormatic's Motion for Summary Judgment. In the meantime,

Schottenstein and Retail Ventures moved for Summary Judgment (Doc. 41). The next day, January 8, 2008, a Report and Recommendation (Doc. 45) was filed with respect to Sensormatic's Motion, recommending that it be granted.

By then, it had to have been clear to Scruggs what proof would be necessary to refute the arguments set out in the Motion filed by Schottenstein and Retail Ventures. At no time, though, did Scruggs contact the Court to describe difficulties with discovery, nor, apparently, did she make any effort to schedule the postponed depositions. Scruggs then compounded her difficulties by failing to file a Responsive Concise Statement of Facts as required by Local Rule 56.1.C.1.

In her Objections to the June 14th Report and Recommendation (Doc. 50), Scruggs contends that there was no need for a Responsive Concise Statement because she only disputed two of the facts listed in the Defendant's Concise Statement - that the Defendants were unaware of the specific condition of the security tag until it was brought to their attention by the Plaintiff, and that they had no knowledge or information that any condition existed with the shoe or security tag that could have caused or contributed to Scrugg's injury. She contends that her denial of these facts in her Response to the Motion for Summary Judgment (Doc. 47 )obviated the need for a Responsive Concise Statement. This is not the case. Record evidence must support these denials. See, e.g., Bronson v. White, 2007 WL 3033865 at *1 n.1 (M.D. Pa. Oct. 15, 2007) (holding that where a party denies statements included in a Statement of Undisputed Facts, but does not point to record evidence supporting those denials, the material facts are deemed admitted.)

Scruggs, now recognizing that notice and knowledge are critical to her claims and that she has no evidence with which to dispute the Defendants' contentions, states that she needs additional discovery with respect to these issues. This request comes too late. The Court finds nothing in the record to indicate that Scruggs's failure to comply with the rules applicable to discovery and

4

summary judgment should be overlooked at this point in the proceedings. To do what Scruggs asks would involve beginning discovery again in order to give Scruggs the proverbial second bite at the apple. Taking such action in the circumstances of this case would undermine the rules that are and have long been in place, promoting confusion and uncertainty in the orderly administration of the many cases now before the Court.

Although the Court, too, sympathizes with the Plaintiff, it is constrained to agree that the time for discovery should not be extended.

AND NOW, this 7th day of July, 2008, IT IS HEREBY ORDERED that the pending Motion for Summary Judgment (Doc. 41) is GRANTED.

The Report and Recommendation of Magistrate Judge Hay dated June 2, 2008 (Doc. 49), as supplemented by this Memorandum Order, is hereby adopted as the opinion of the Court.

Donetta W. Ambrose
Chief Judge, United States District Court

cc: Hon. Amy Reynolds Hay
United States Magistrate Judge

All counsel of record via Notice of Electronic Filing